# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTY V. MOORE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BEARD, et al.,<br><br>　　　　　　Defendants. | **Case No. 1:16-cv-00145-DAD-SKO (PC)**<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFF PROCEED ONLY ON EIGHTH AMENDMENT CLAIM AGAINST OFFICER ARDON AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED**<br><br>**(Doc. 1, 11, 12, 13)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## **FINDINGS**

Plaintiff, Christy V. Moore, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On January 27, 2017, an order issued for Plaintiff to either file an amended complaint, or a statement of willingness to proceed only on her claim under the Eighth Amendment against Officer Ardon ("the Screening Order"). (Doc. 11.) Plaintiff was to file her response within twenty-one days. (*Id.*)

On March 15, 2017, Plaintiff filed a response indicating that prison personnel did not deliver the Screening Order to her until March 7, 2017. (Doc. 12.) Although Plaintiff felt she could correct the defects in her claims against the City of Shafter and the CDCR, she felt she had no choice but to proceed only on her Eighth Amendment claim against Officer Ardon since the deadline for her to respond to the Screening Order had lapsed. (*Id.*) Plaintiff's notice was construed as a request for an extension of time and she was granted up to June 1, 2017, to file an amended complaint or a statement that she did not wish to do so. (Doc. 13.) That order indicated

1

that Plaintiff's failure to comply would result in recommendation that this action proceed only on her claim under the Eighth Amendment against Officer Ardon as it was found cognizable in the Screening Order. (*Id.*)

More than one month since the June 1, 2017 deadline has now passed and Plaintiff has not filed an amended complaint, or responded to the order granting her the extension of time in any way.[1] Thus, this action should proceed only on Plaintiff's Eighth Amendment claim against Officer Ardon as found cognizable in the Screening Order.

## **RECOMMENDATION**

Accordingly, it is **HEREBY RECOMMENDED** that, for the reasons stated in the January 27, 2017 Screening Order and based on the above sequence of events, Plaintiff should be allowed to proceed solely on her claim under the Eighth Amendment, for deliberate indifference to her serious medical needs, against Officer Ardon; all other claims and defendants should be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 5, 2017**         /s/ *Sheila K. Oberto*
                               UNITED STATES MAGISTRATE JUDGE

---

[1] Although Plaintiff has subsequently twice filed a notice of change of address, she has not filed a request for an extension of time to file an amended complaint, or otherwise responded to the Court's April 5, 2017 order. (*See* Docs. 14, 15.)

2