# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTY V. MOORE,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF SHAFTER, et al.,<br><br>        Defendants. | Case No. 1:16-cv-00145-DAD-SKO (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT ARDON SHOULD NOT BE DISMISSED (RULE 4(m)) and THE ACTION CLOSED**<br><br>**(Doc. 25)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Christy V. Moore, a state prisoner, proceeds *pro se* and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983 which was filed on February 1, 2016. This action is proceeding on Plaintiff's claim for violation of her rights under the Eight Amendment against Defendant Ardon. (*See* Docs. 11, 16, 17.) However, the Marshal was not able to locate Defendant Ardon and service was returned un-executed on November 13, 2017. (Doc. 24.)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S.

Marshal for service of the summons and complaint and should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." *Walker*, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

At this juncture, the Marshal's Office has exhausted the available avenues in attempting to locate and serve Defendant Ardon.[1] *Walker*, 14 F.3d at 1421-22. On November 16, 2017, Plaintiff was ordered to provide additional information to assist with effecting service on Defendant Ardon, (Doc. 25); however, no additional information has been provided to date.

Plaintiff must show cause why Defendant Ardon should not be dismissed from this action. Fed. R. Civ. P. 4(m). If Plaintiff either fails to respond to this order, or responds but fails to show cause, Defendant Ardon and all claims against her shall be dismissed from this action. This will result in dismissal of the entire action since Ardon is the only remaining defendant.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **twenty-one (21) days** from the date of service of this order, Plaintiff shall show cause why Defendant Ardon and all claims against her should not be dismissed from this action; and

2. The failure to respond to this order or the failure to show cause will result in a recommendation that Defendant Ardon and all claims against her be dismissed from this action—which will result in case closure.

---

[1] The Marshal's Office contacted the California Department of Corrections and Rehabilitation and was informed that Defendant Ardon left employment with the CDCR in 2015 and that no forwarding address is available. (Doc. 24.)

2

IT IS SO ORDERED.

Dated: **January 10, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE