# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTY V. MOORE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF SHAFTER, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-00145-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS DEFENDANT ARDON PURSUANT TO FED. R. CIV. P. 4(m) and TO CLOSE THE ACTION**<br><br>**(Docs. 24, 25, 28)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

**I.　FINDINGS**

　**A.　Procedural History**

Plaintiff, Christy V. Moore, is a state prisoner, proceeds *pro se* and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's claim for violation of her rights under the Eight Amendment against Defendant Ardon. (*See* Docs. 11, 16, 17.) The U.S. Marshal was not able to locate Defendant Ardon and service was returned un-executed on November 13, 2017. (Doc. 24.) Thus, On November 16, 2017, Plaintiff was provided opportunity to submit additional information on Defendant Ardon's whereabouts to achieve service. (Doc. 25.) Plaintiff failed to submit any information on Defendant Ardon's whereabouts during the permitted timeframe.

An order issued on January 11, 2018, for Plaintiff to show cause ("OSC") why Defendant

1

Ardon should not be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure,[1] which would result in closing this action. (Doc. 28.) Plaintiff requested and received a sixty (60) day extension of time to respond to the OSC. (Docs. 29, 30.) Despite lapse of nearly ninety (90) days, Plaintiff has neither responded to the OSC, nor provided additional information on Defendant Ardon's whereabouts to allow for service by U.S. Marshal.

**B.     Legal Standard**

Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." *Walker*, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

///

///

//

//

---

[1] The Federal Rules of Civil Procedure are referred to as "Rule *."

2

**B. Analysis**

At this juncture, the Marshal's Office has exhausted the avenues available to it in attempting to locate and serve Defendant Ardon.[2] *Walker*, 14 F.3d at 1421-22. On November 16, 2017, Plaintiff was ordered to provide additional information for service on Defendant Ardon. (Doc. 25.) Although nearly five months have passed since that order issued, Plaintiff has failed to provide any additional information to attempt service on Defendant Ardon.

This action has been pending for over two years. Plaintiff's time for identifying and serving Defendant Ardon has been extended well beyond the 120 days from the filing of the Complaint as allowed in Rule 4(m). While good cause initially existed to allow an extension beyond the 120 day service deadline of Rule 4(m), there is no good cause to further extend the time for service of Defendant Ardon. It is Plaintiff's obligation to provide information necessary to identify and locate a given defendant—which Plaintiff has not done and is apparently unable to do. Good cause does not exist to further extend the time for service of the operative complaint in this action on Defendant Ardon. As such, Ardon is the only defendant and this action should be closed.

**II. CONCLUSION & RECOMMENDATION**

Plaintiff has failed and is unable to provide sufficient information to identify and locate Defendant Ardon for service of a summons in this action. Good cause does not exist to grant a further extension. Fed. R. Civ. P. 4(m).

Accordingly, it is **HEREBY RECOMMENDED** that Defendant Ardon and all claims against her be dismissed without prejudice and this action be closed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

---

[2] The Marshal's Office contacted the California Department of Corrections and Rehabilitation and was informed that Defendant Ardon left employment with the CDCR in 2015 and no forwarding address is available. (Doc. 24.)

objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 9, 2018**　　　　　　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE